IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAPSCH TRAFFICCOM IVHS INC.; KAPSCH TRAFFICCOM HOLDING CORP.; KAPSCH TRAFFICCOM CANADA INC.; STAR SYSTEMS INTERNATIONAL, LTD.; and STAR RFID CO., LTD., <br><br> Petitioners, <br><br> v. <br><br> NEOLOGY, INC., <br><br> Respondent. | Misc. Action No. \_\_\_\_ <br><br> **MOTION FOR ISSUANCE OF LETTER OF REQUEST** |

**MEMORANDUM OF LAW IN SUPPORT PETITIONERS KAPSCH TRAFFICCOM IVHS INC., KAPSCH TRAFFICCOM HOLDING CORP, KAPSCH TRAFFICCOM CANADA INC., STAR SYSTEMS INTERNATIONAL, LTD., AND STAR RFID CO., LTD'S MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**

Petitioners Kapsch TrafficCom IVHS Inc., Kapsch TrafficCom Holding Corp., Kapsch TrafficCom Canada, Inc., Star Systems International, Ltd. and STAR RFID Co., Ltd. (collectively, "Petitioners"), Respondents in *Certain Radio Frequency Identification ("RFID") Products and Components Thereof*, Investigation No. 337-TA-979 before the International Trade Commission ("ITC"), hereby submit its motion for this Court to issue, under its seal and signature, the attached Letter of Request to the appropriate judicial authority of the Kingdom of Thailand.

On March 11, 2016, Petitioners moved in the ITC for the Administrative Law Judge to recommend that this Court issue a Letter of Request on behalf of Petitioners to obtain discovery from Mr. Manfred Rietzler in the Kingdom of Thailand. On April 13, 2016, Administrative Law Judge MaryJoan McNamara, based on her knowledge of the ITC Investigation, signed an order

recommending that the United States District Court for the District of Columbia issue the Letter of Request on behalf of Petitioners (Exhibit 1).

The Letter of Request solicits the assistance of the appropriate judicial authority of Thailand to obtain certain documents and testimony relevant to this case and unobtainable through other means from Mr. Rietzler for use at the hearing in the ITC Investigation.

The following documents are attached to this Memorandum:

- Exhibit 1: Order No. 11: Granting Respondents' Motion Seeking Recommendation to the District Court for the District of Columbia to Issue a Letter of Request (April 13, 2016), signed by Administrative Law Judge MaryJoan McNamara.

- Exhibit 2:
  - Letter of Request by the District Court for the District of Columbia on behalf of Petitioners.
    - Attachment A: Documents or Other Property to be Produced by Manfred Rietzler.
    - Attachment B: List of Questions to Manfred Rietzler.
    - Attachment C: Protective Order.
    - Attachment D: Ground Rules.
    - Attachment E: Complaint.

In support of this Motion, Petitioners respectfully state as follows:

## BACKGROUND

Respondent Neology, Inc. ("Neology") is the Complainant in the ITC Investigation giving rise to the need for a Letter of Request. In the ITC Investigation, Neology alleges that Petitioners infringe U.S. Patent Nos. 8,325,044 and 8,587,436 (collectively, "the Security Patents"). Mr. Rietzler, who resides in Thailand, is a named inventor on each of the Security Patents. Thus, Mr. Rietzler participated in the purported invention and prosecution of the Security Patents. Mr. Rietzler is also a former employee of Neology's parent company, Smartrac

N.V. For each of the Security Patents, Mr. Rietzler is believed to have relevant documents in his possession, custody, and control. Specifically, Petitioners believe Mr. Rietzler is in possession of information and knowledge relating to the development of the subject matter claimed in the Security Patents, the conception and reduction to practice of those patents, the patents' prosecution history, and potentially invalidating prior art. Petitioners additionally believe Mr. Rietzler may have information relating to activities by him or Smartrac that may have subjected the Security Patents to FRAND/RAND obligations, such as communications with or participation in standard settings organizations.

## ARGUMENT

### I. THE DISTRICT COURT HAS AUTHORITY TO ISSUE LETTERS OF REQUEST

Petitioners' use of a Letter of Request is an appropriate method of obtaining discovery from Mr. Rietzler because Thailand is not a signatory to the Hague Convention on the "Taking of Evidence Abroad in Civil or Commercial Matters." *See* Fed. R. Civ. P. 4(f)(2)(B); All Writs Act, 28 U.S.C. §§ 1651, 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner"). Furthermore, as numerous courts have confirmed, the use of Letters of Request has been the traditional method of requesting foreign judicial assistance in obtaining evidence located aboard. *See, e.g., Certain Wireless Devices with 3G and/or 4G Capabilities & Components Thereof,* 337-TA-868, Order No. 40 (July 8, 2013), Order No. 42 (July 17, 2013) (granting motions for recommendation to the United States District Court for the District of Columbia to issue letters of request to obtain evidence from non-parties located in Taiwan, which is not a signatory of the Hague Evidence Convention); *Certain Handheld Electronic Computing Devices,* Inv. No. 337-TA-769, Order No. 24 (Dec. 2, 2011)

(granting motion for recommendation to the United States District Court for the District of Columbia to issue letters of request to obtain evidence from non-parties located in Canada, which is not a signatory of the Hague Evidence Convention); *United States v. Walus*, 616 F.2d 283, 304 (7th Cir. 1980) (holding that the district court should have granted request by defendant for use of letters rogatory to obtain evidence located abroad that was relevant to defendant's case).

## II. MR. RIETZLER HOLDS RELEVANT DOCUMENTS AND INFORMATION IN THAILAND

Mr. Rietzler resides in Thailand and is believed to be knowledgeable about, and to have documents in his possession, custody, and control related to, the purported invention and prosecution of the Security Patents along with other relevant information relevant to Petitioners' defenses in the ITC Investigation. Petitioners have pled that the Security Patents are invalid over the prior art and for failure to satisfy the requirements of 35 U.S.C. §§ 101 and 112. Petitioners also contend that the Security Patents are unenforceability to inequitable conduct on the part of the named inventors and their agents during patent prosecution, and that those patents are subject to certain FRAND/RAND obligations. As a named inventor, Mr. Rietzler has information relating to these defenses.

Mr. Rietzler's former role as an employee of Neology's parent company, Smartrac, also demonstrates that he has evidence relevant to the ITC Investigation. Petitioners believe that Mr. Rietzler has information relating to his and Smartrac's involvement in standard settings organizations, which may have subjected the Security Patents to FRAND/RAND obligations.

Accordingly, the evidence regarding Mr. Rietzler's role in the purported invention and prosecution of the Security Patents and his and Smartrac's involvement with standard setting organizations will allow Petitioners to more fully develop their defenses in the ITC Investigation.

### III. THE LETTER OF REQUEST IS NECESSARY TO OBTAIN THE DOCUMENTS AND INFORMATION FROM MR. RIETZLER, AND CONFORM TO THE REQUIRED PROCEDURAL SAFEGUARDS

The issuance of the attached Letter of Request is necessary for several reasons. First, the documents and testimony sought in the Letter of Request are highly relevant to Petitioners' defenses in the ITC Investigation, including at least to the issues of validity of the Security Patents, the construction of claim terms for those patents, the unenforceability of these patents due to inequitable conduct during patent prosecution, and Petitioners' FRAND defense. Relatedly, the scope of the document requests and list of questions is reasonable because each request or question involves these relevant issues, and each is narrowly tailored to seek discovery of these issues.

Additionally, Petitioners believe that they may not be able to obtain the requested information, or its substantial equivalent, without undue hardship by alternate means. Mr. Rietzler is located outside the United States and therefore outside the subpoena power of the ITC. Further, although Neology has agreed to investigate whether Mr. Rietzler's former employer, Smartrac, has the requested discovery, Neology has stated that the discovery is not in its possession, custody, or control. Accordingly, Petitioners seek issuance of the attached Letter of Request in order to compel the appearance of Mr. Rietzler to produce documents and testify.

Petitioners are fully prepared to comply with the procedural requirements involved in obtaining the requested documents and testimony from Mr. Rietzler through the Letter of Request. This requires obtaining a Letter of Request with the signature of a District Court judge and the seal of the District Court. Then, through Thai counsel, Petitioners will seek to have the request for documents and testimony enforced. *See Thailand Judicial Assistance at* https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/Thailand.html (last visited April 13, 2016; *Preparation of Letters Rogatory at*

https://travel.state.gov/content/travel/en/legal-considerations/judicial/obtaining-evidence/preparation-letters-rogatory.html (last visited April 13, 2016).

For the foregoing reasons, Petitioners respectfully request that the Court grant Petitioners' motion and issue the attached Letter of Request directed to the appropriate judicial authority of the Kingdom of Thailand.

Dated: April 15, 2016

Respectfully submitted,

Gregg F. LoCascio, P.C. (D.C. Bar No. 452814)
Brian N. Gross (D.C. Bar No. 987810)
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC 20005-5793
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Attorneys for Petitioners Kapsch TrafficCom IVHS Inc., Kapsch TrafficCom Holding Corp., Kapsch TrafficCom Canada Inc., Star Systems International, Ltd., and Star RFID Co., Ltd.*

## CERTIFICATE OF SERVICE

I, Brian N. Gross, hereby certify that on this 15th day of April, 2016 copies of the foregoing document were served upon the following parties as indicated:

| | |
|---|---|
| Lisa R. Barton<br>Secretary to the Commission<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 112<br>Washington, D.C. 20436 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Express Delivery<br>☐ Via Electronic Filing (EDIS) |
| The Honorable MaryJoan McNamara<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W.<br>Washington, D.C. 20436<br>Jae.Lee@usitc.gov | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Express Delivery<br>☐ Via Electronic Mail |
| Todd Taylor, Esq.<br>Office of Unfair Import Investigations<br>U.S. International Trade Commission<br>500 E Street, S.W., Suite 401<br>Washington, D.C. 20436<br>Todd.Taylor@usitc.gov | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Express Delivery<br>☒ Via Electronic Mail |

**On Behalf of Complainant Neology, Inc.**

| | |
|---|---|
| Daniel E. Yonan<br>STERNE, KESSLER, GOLDSTEIN & FOX PLLC<br>1100 New York Avenue<br>Washington, DC 20005<br>Telephone: (202) 371-2600<br>Neology-ITC@skgf.com | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Express Delivery<br>☒ Via Electronic Mail |

Brian N. Gross